IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **DAVID VAN ELZEN,** individually and on behalf of all others similarly situated, *Plaintiff*, v. **KALAMATA RESEARCH SERVICES, LLC,** a Florida limited liability company, and **GLOBAL MARKETING RESEARCH SERVICES, INC.,** a Florida corporation, *Defendants.* | Case No. **CLASS ACTION COMPLAINT** **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff David Van Elzen ("Van Elzen" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Kalamata Research Services, LLC ("Kalamata" or "Defendant Kalamata") and Defendant Global Marketing Research Services, Inc. ("GMRS" or "Defendant GMRS") to stop the Defendants from violating the Telephone Consumer Protection Act by sending unsolicited, autodialed text messages to consumers, and to otherwise obtain injunctive and monetary relief for all persons injured by the conduct of Defendant Kalamata and Defendant GMRS. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### INTRODUCTION

1. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). 20. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day.

*In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

2. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

3. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

4. According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 alone, at a rate of 168.8 million per day. www.robocallindex.com (last visited April 9, 2019). YouMail estimates that in 2019 robocall totals will exceed 60 billion. *See id*.

5. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

**INTRODUCTION TO KALAMATA AND GMRS**

6. Kalamata is a market research company that conducts phone and text message surveys with consumers.[1]

7. GMRS is a market research company that deals primarily in political polls and voter contact services in which GMRS helps politicians and political organizations get messages out to voters.[2]

---

[1] https://theotherhudsonvalley.com/2018/06/04/super-pac-pat-ryan-ny/
[2] http://www.polling.net/#services

2

8. This complaint will show that Kalamata and GMRS are owned, operated and staffed by the same, if not mostly the same employees.

9. In order to conduct surveys, Kalamata and GMRS place phone calls and send text messages en masse to consumers.

10. Such text messages are sent using an automated telephone dialing system ("ATDS" or "autodialer") without any consent from the consumer.

11. Plaintiff received an autodialed text message to his cellular phone from Defendant regarding a local issue that is presumed to be political in nature.

12. In response to this text message, Plaintiff files this class action lawsuit seeking injunctive relief, requiring Kalamata and GMRS to cease sending unsolicited, autodialed text messages to consumers' cellular telephone numbers, as well as an award of statutory damages to the members of the Class.

## PARTIES

13. Plaintiff Van Elzen is a Menasha, Wisconsin resident.

14. Defendant Kalamata is a Florida limited liability company with its head office located in Melbourne, Florida. Kalamata does business throughout this District and the United States.

15. Defendant GMRS is a Florida corporation with its head office located in Melbourne, Florida. Kalamata does business throughout this District and the United States.

## JURISDICTION AND VENUE

16. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

3

17. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, and because the wrongful conduct giving rise to this case was directed to this District by Defendants.

**COMMON ALLEGATIONS**

**KALAMATA AND GMRS ARE OWNED, OPERATED
AND STAFFED BY THE SAME EMPLOYEES**

18. The Florida registry for Kalamata shows that its managers include Anthony J. Diana and Chris Stella:



³

19. Anthony Diana is the President of GMRS:

⁴

---

³ http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=KALAMATARESEARCHSERVICES%20L050000737890&aggregateId=flal-l05000073789-b2a01122-2a83-4687-9d7a-174d7e1582af&searchTerm=kalamata%20research%20llc&listNameOrder=KALAMATARESEARCHSERVICES%20L050000737890
⁴ https://www.linkedin.com/in/anthony-diana-2442401/

4

20. Chris Stella is the Senior Project Manager at GMRS:



21. The website for GMRS, which is polling.net, displays the names of Anthony Diana and Chris Stella:



---

[5] https://www.facebook.com/cstella23 - Note: polling.net is a d/b/a of GMRS
[6] http://www.polling.net/#services

22. The principal address for Kalamata appears to be 809 Palmetto Ave, Melbourne, Florida, according to various business registry sources online.[7]

23. 809 Palmetto Ave, Melbourne, Florida is the address of OTR, a market research recruiting company that hires marketer research interviewers for GMRS:

[8]

24. The website for OTR (otronline.net) is registered to Anthony Diana, President of GMRS.[9]

25. The Facebook page for OTR specifically shows that it runs job fairs for GMRS. For example:

[10]

---

[7] https://www.corporationwiki.com/Florida/Melbourne/kalamata-research-services-llc-3348237.aspx
[8] https://www.otronline.net/
[9] https://domainbigdata.com/otronline.net
[10] https://www.facebook.com/Otr-165809263431648/

6

26. Joshua Maynard, the Operations Manager for GMRS is also the Operations Manager for Kalamata:



[11]

**KALAMATA AND GMRS SEND BULK TEXT MESSAGES TO CONSUMERS USING AN AUTODIALER**

27. GMRS is open about its use of workstations that have predictive dialing capabilities claiming, "Our dialing system features full predictive capabilities at every station."[12]

28. It is not currently known which system Kalamata and GMRS use to send out text messages.

29. In sending the text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator, and/or to call numbers from pre-loaded lists. This is evident from the circumstances surrounding the text messages, including the text messages' commercial and generic content, that

---

[11] https://www.linkedin.com/in/joshua-maynard-36346a37/
[12] http://www.polling.net/#technology

7

they were sent without consent, and that they were sent from a phone number that is not in service, which is consistent with the use of an automatic telephone dialing system to send text messages.

30. There are numerous complaints posted online about autodialed text messages that consumers received from Kalamata and GMRS without consent. This is a small sampling of those complaints:

- "Hey Donna this is Alex. We're texting voters about local issues. Your opinion matters. Can you take this short survey'
  One problem, Donna does not nor has ever lived her. In fact I don't even know Donna."[13]
- "Unsolicited text message received:
  'We're texting voters about local issues and your opinion matters. Please take this short survey:'
  With a tiny URL and no identification as to the survey company, how to unsubscribe, etc. Reported as spam text due to suspicion of spam/malware. If it's legit they need to do a better job identifyng themselves."[14]
- "4-14-19 at 7:18 pm received unsolicited robotext "from 216 area code possibly Cleveland, OH" advertising the following: Hi this is Albert, We're texting voters about local issues and your opinion matters. Please take this short survey: https://httpslink.com/a114534. DEFINITE SCAM!"[15]
- "On 2/22/2019: spam text to my personal unlisted phone number. They had my name and said "we are texting voters about local issues-please take this short survey" with a link which i did not access. My phone number is not on my voter registration so this is really disturbing"[16]
- "Got a text from 833-569-0326 saying to take a survey about local issues. The survey had this number on it. I tried calling but an automated message said that they will not accept calls with blocked caller IDs!! FISHY!!"[17]
- "Same crap here, got an SMS from +1-833-568-9654 with a link to a survey on selfserve.decipherinc.com by "survey team at Kalamata research (212-235-6200)" for "voters about local issues"...except I'm not a registered voter nor the person they addressed to. Personal info sold left and right to all scammers."[18]
- "Same here. Text about a survey for local issues for voters"[19]

---

[13] https://www.disboards.com/threads/watch-out-for-this-scam.3706989/
[14] https://800notes.com/Phone.aspx/1-833-568-5686
[15] https://www.numberguru.com/phone/216/446/8447/
[16] http://number.phonecheckers.com/646-506-4615
[17] https://800notes.com/Phone.aspx/1-212-235-6200
[18] *Id.*
[19] *Id.*

8

**Plaintiff Received an Unsolicited Autodialed Text Message to
His Cell Phone**

31. On December 22, 2019, Plaintiff Van Elzen received an autodialed text message on his cell phone from the Defendants using phone number 877-612-1508. The text message stated:

> "DAVID, We're texting voters about local issues and your opinion matters. Please click to participate: http://lnk1.net/v1089164."

32. Plaintiff believes this text message was sent *en masse* because the text message was impersonal in nature, and was sent using an autodialer, which enables a sender to send the identical message to thousands of recipients automatically.

33. The caller complaints, referenced above, show that the Defendants consistently send text messages using the same, or very similar wording.

34. Van Elzen clicked on the link provided in the autodialed text message and was brought to the website address: https://selfserve.decipherinc.com/survey/selfserve/1f07/191130?list=200&phone=9207023152&vbid=WI-12959124#?.

35. The website indicated the fact that the text was sent on behalf of Kalamata Research with a contact phone number of 212-235-6200.

36. When 212-235-6200 is called, it leads to a voicemail that identifies the company as being Research Survey.

37. 877-612-1508, the phone number the autodialed text message was sent from is not in service.

9

38. Other consumers who received the same, or similar text messages from the Defendants have shown online that the text link led to a page identifying the sender as being Kalamata Research:

[20]



---

[20] https://twitter.com/oilgasunicorn/status/1193637479531864065



39. Plaintiff has never given Kalamata or GMRS consent to send automated text messages to him.

40. The unauthorized text message that was sent by Kalamata and GMRS, as alleged herein, harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Van Elzen's use and enjoyment of his cellular phone, in addition to the wear and tear

---

[21] https://twitter.com/brooksbrasfield/status/1157816385650778113
[22] *Id.*

on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

41. The unauthorized text message also wasted Van Elzen's time, which he spent reading and clicking on the link in the text message to see who was responsible for sending the autodialed text message to him.

42. Seeking redress for these injuries, Van Elzen, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claim

43. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Kalamata and/or Defendant GMRS (or an agent acting on behalf of either Defendant) text messaged, (2) on the person's cellular telephone number, (3) using a text messaging platform substantially similar to the text messaging platform Defendant Kalamata and Defendant GMRS used to text message Plaintiff, (4) for whom the Defendants claim (a) they obtained prior express consent in the same manner as the Defendants claim they supposedly obtained prior express consent to text message Plaintiff, or (b) they did not obtain prior express consent.

44. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant Kalamata, Defendant GMRS, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a

12

timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

45. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

46. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

> (a) whether the Defendants used an automatic telephone dialing system to send text messages to Plaintiff and the members of the Autodialed No Consent Class;
>
> (b) whether the Defendants sent the text messages to Plaintiff and the members of the Autodialed No Consent Class without the necessary consent;
>
> (c) whether Defendants' conduct constitutes a violation of the TCPA; and
>
> (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

47. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and the Defendants have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

48. **Appropriateness**: This class action is also appropriate for certification because Defendant Kalamata and Defendant GMRS have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
Telephone Consumer Protection Act
(Violations of 47 U.S.C. § 227)
(On Behalf of Plaintiff and the Autodialed No Consent Class)

49. Plaintiff repeats and realleges paragraphs 1 through 48 of this Complaint and incorporates them by reference.

50. Defendant Kalamata and Defendant GMRS, or their agents sent unwanted text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

51. These text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such text messages.

52. Defendants' conduct was negligent, wilful, or knowing.

14

53. Defendant Kalamata and Defendant GMRS have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to between $500 and $1,500 for each and every text message.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Van Elzen, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above, and appointing Plaintiff as the representative of the Class and her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendants' actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant Kalamata and Defendant GMRS to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Van Elzen requests a jury trial.

Respectfully Submitted,

**DAVID VAN ELZEN**, individually and on behalf of those similarly situated individuals

Dated: January 15, 2020

By:  /s/ *Stefan Coleman*

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131

Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Attorneys for Plaintiff and the putative Class*